BESSIE B. BORCHERT, APPELLANT, v. JAMES BASH, APPEL-
LEE.

FILED JANUARY 6, 1915. No. 17,879.

Limitation of Actions: ASSAULT AND BATTERY. A civil action for
damages for an assault and battery with circumstances of aggrava-
tion must, under section 13 of the code, be begun within one year
after the cause of action accrued.

APPEAL from the district court for Dundy county: ER-
NEST B. PERRY, JUDGE. *Affirmed*

*C. E. Eldred* and *A. T. Cowings,* for appellant.

*Bernard McNeny, contra.*

LETTON, J.

This is a civil action for assault and battery. It is
charged that the defendant assaulted the plaintiff and at-
tempted to have carnal intercourse with her against her
will and without her consent by forcibly overcoming her
resistance, but that the plaintiff by exercising her strength
97Neb.38

succeeded in releasing herself. The assault is alleged to have occurred on the 6th day of March, 1911. The action was begun on the 23d of September, 1912. The defendant filed a general demurrer, on the ground that the plaintiff's cause of action was barred by the statute of limitations. The demurrer was sustained, and, the plaintiff having elected to stand upon her petition, a judgment of dismissal was entered. Plaintiff appeals.

The question to determine is whether the action is one for assault and battery, which by section 13 of the code, must be brought within one year, or whether it is "an action for an injury to the rights of plaintiff, not arising on contract, and *not hereinafter enumerated,*" which, under section 12, is not barred until four years after the wrong. The appellant's position is that the petition charges a felonious assault, and that felonious assaults are not within the definition of assault and battery, and, hence, must be covered by the provision of section 12. It is a settled doctrine of statutory construction that words shall be taken to have their ordinary and customary meaning. The question, then, is, for what classes of wrongs has it been generally understood, both in England and in this country, can damages be recovered in civil actions for assault and battery?

At the common law the action for every wrong of this nature was trespass, *vi et armis,* for assault and battery. *Dickey v. McDonnell,* 41 Ill. 62; *Agnew v. Jobson,* 13 Cox C. C. (Eng.) 625.

In *Elliott v. Van Buren,* 33 Mich. 49, 20 Am. Rep. 668, it is said: "This action is nothing more than trespass for an assault and battery. There is no such thing as a private action for a crime as such. The civil grievance here charged was an assault, described, as was proper, with its attendant circumstances of enormity, including an attempt to ravish. This, however, does not make it differ from an action for a lighter grievance, except as showing a heavier ground of complaint, for which, if made out, the damages allowed would be likely to be larger."

Borchert v. Bash.

It is unnecessary, in order to make out a cause of action, to plead matters of aggravation, since their effect is merely to increase the damages (3 Cyc. 1082*h*); and the contention that, because the assault is alleged to have been accompanied by aggravated circumstances, the nature of the action is changed from a civil action of assault and battery, we think, is untenable. It is the same action, but the damages may be enhanced by the nature of the assault.

The books are full of reports of civil actions for indecent assaults of this nature, extending over a period of many years. They are uniformly classed at common law as actions in trespass, *vi et armis,* for assault and battery, and in code states as actions for assault and battery. The following illustrative cases are concerned with like assaults. Each is denominated an action for assault and battery. *Luttermann v. Romey,* 143 Ia. 233; *Haulish v. Boller,* 75 N. Y. Supp. 992; *Derwin v. Parsons,* 52 Mich. 425; *Parker v. Coture,* 63 Vt. 155. See, also, 1 Kinkead, Commentaries on Torts, sec. 206.

In Ohio, from which state our code was taken, there seems to have been no doubt as to the nature of an action for such an assault; and, in the absence of a disability on the part of the plaintiff (such as infancy), it must be brought within one year. *Bormuth v. Beyer,* 10 Ohio C. C. 291.

It is significant that libel, slander, assault and battery, malicious prosecution, and false imprisonment—all personal wrongs—are included in the one year statute. The legislature evidently thought that the public interest requires a prompt prosecution of such actions. Charges of this nature are easily made and difficult to defend against, and the lapse of more than one year after the alleged occurrence of the wrong allows time for the dispersion of witnesses, and makes the difficulty of defending such cases much greater. In *Kramer v. Weigand,* 91 Neb. 47, which plaintiff cites, it is said, speaking of the common law: "Damages for assault and battery were recoverable in a civil action, but damages for rape were not, and where rape was part of the violence proved there could be no

recovery for assault and battery.   *   *   *   This differ-
ence between the nature of the offenses was evidently ob-
served by the legislature when the statute of limitations
was enacted." That case, therefore, furnishes no basis for
plaintiff's contention.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., dissenting.

The opinion of the majority approves of *Kramer v. Wei-
gand,* 91 Neb. 47, and professes to distinguish it from this
case. In each case the action is for damages caused by a
felony committed against the plaintiff. In each case the
felony complained of included an assault and battery, and
neither felony could be committed without committing an
assault and battery. In the case at bar the struggle was
more strenuous, and the plaintiff succeeded in preventing
the consummation of the rape. In the *Weigand* case the
resistance was not so determined and successful. In the
case at bar, if the plaintiff had been more yielding and
had not resisted so strenuously, she would have had four
years in which to begin her action. By her stubbornness
she forfeited that right, and must suffer her injuries with-
out redress because she did not begin her action within one
year after the felony was committed against her. Could
anything be more inconsistent? The explanation given in
the majority opinion for such distinction is, to my mind,
still more curious. It is said: "Damages for assault and
battery were (at common law) recoverable in a civil ac-
tion, but damages for rape were not, and where rape was
part of the violence proved there could be no recovery
for assault and battery.   *   *   *   This difference between
the nature of the offenses was evidently observed by the
legislature when the statute of limitations was enacted."
If this statement has any application in the *Weigand* case,
it has the same application in the case at bar, but it has
no application in either case. Several hundred years ago
in England all damages caused by any felony belonged to
the King. There could be no private action for damages

caused by a felony. They said the damages were included in the crime. If that were the law with us, it would of course apply to one felony as well as another, and would not distinguish the case at bar from the *Weigand* case. But there never was any such common law in this state. At the earliest opportunity a right of action was given for all felonies, and no distinction was made. "The right of civil remedy is not merged in a public offense, but may, in all cases, be enforced independently of and in addition to the punishment of the latter." 1 Complete Session Laws, p. 351. The first territorial legislature of 1855 enacted a criminal and civil code. It defined the crime of assault, assault and battery, rape, and assault with attempt to commit rape. 1 Complete Session Laws, p. 96. It adopted a part of the Iowa civil code, which contained the statute of limitations. It contained no provision specially limiting the time for bringing actions for assault or assault and battery, but actions for injuries to the person were limited to two years. 1 Complete Session Laws, p. 25. Later the limitation for actions for injuries to the person was extended to four years, and this limitation was made to apply to all actions for injuries to the person "not hereinafter enumerated," and a subsequent section provided the limitation for action for assault and battery should be one year. It would seem very clear that under these statutes we ought to hold, either that all actions for damages caused by a felony committed against the person are actions for simple assault and battery and must be brought within one year, or else that all such actions have a four-year limitation. The majority opinion says: "At the common law the action for every wrong of this nature was trespass, *vi et armis,* for assault and battery. * * * And the contention that, because the assault is alleged to have been accompanied by aggravated circumstances, the nature of the action is changed from a civil action of assault and battery, we think, is untenable. It is the same action, but the damages may be enhanced by the nature of the assault." That is, if an assault and battery is included in the act complained of, all consequences of the assault and

battery are matters in aggravation of damages and cannot change the nature of the action. This would, of course, include an accomplished rape and all possible consequences thereof, and as plainly includes the *Weigand* case as it does the case at bar. The opinion in the *Weigand* case begins with the statement: "Plaintiff is an unmarried woman, and this is an action for trespass upon her person." Of course that correctly states the nature of the case. There can be no rape without an assault and violence against the person. The petition in that case alleged that "the defendant with force and violence made indecent assault upon the plaintiff," and the evidence tended to prove the allegation. The petition alleged, and the evidence tended to prove, serious consequences of the assault. It was an aggravated assault. The plaintiff did not resist so successfully as in the case at bar, and the consequences were different, but both were felonies and both were followed by consequences that might be anticipated from the nature of the assault.

The majority opinion cites *Luttermann v. Romey*, 143 Ia. 233, and other similar cases. These cases have no relation to the question we are deciding. The action was for an aggravated assault. The plaintiff failed to prove those elements of the offense which under our statute would constitute a felony. It does not appear from the opinion whether the offense charged was a felony under the Iowa statute. The decision was that, if plaintiff failed to prove the more serious crime, she might still recover for the assault. The assault was necessarily included in the charge, as in the case at bar and in the *Weigand* case, and, of course, a recovery for an assault could not be denied because the plaintiff failed to prove the felony. In construing a statute words should be taken to have their ordinary meaning, and it is unfortunate to give a strained and unnatural meaning to the language of a statute upon an erroneous idea of the common law of England of hundreds of years ago. This is especially so when the result is to construe a statute in one case, and give it an exactly

contrary construction in the next case which involves the same question.