RIMBAUD v. BEIERMEISTER.    (No. 130/53.)

(Supreme Court, Appellate Division, Third Department.    July 1, 1915.)

1. ANIMALS ⬳44—INJURIES TO DOGS—ACTIONS—STATUTORY PROVISIONS.

Second Class Cities Law (Consol. Laws, c. 53) § 220, providing that any owner of a dog, desiring to maintain and preserve any right of property in the dog, must procure a yearly license, merely prescribes the condition under which the right of property in dogs may be exercised, and imposes a condition subsequent to the bringing of an action for injuries to a dog, and defendant, not raising the question of want of proof of a license until the court had charged the jury, may not predicate a defense on the statute, based on the failure of plaintiff to prove his procurement of a license.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 115–122; Dec. Dig. ⬳44.]

2. ANIMALS ⬳100—INJURIES TO DOGS—EXEMPLARY DAMAGES.

One inflicting a wanton and malicious injury to a trespassing dog may be liable to exemplary damages.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 354–365, 380–385, 395, 397–401, 409–419; Dec. Dig. ⬳100.]

3. APPEAL AND ERROR ⬳1033—INSTRUCTIONS—ERROR FAVORABLE TO PARTY COMPLAINING.

Where, in an action for injury to a dog struck by a stone thrown by defendant, the uncontradicted evidence showed that the dog was at the time trespassing on the land of defendant's mother, failure to charge that the dog was a trespasser was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ⬳1033.]

4. EVIDENCE ⬳113—INJURIES TO DOGS—MARKET VALUE.

In an action for injury to a well-bred French poodle, testimony of the veterinary attending the dog after the injury that there was no market for such dogs in the city where the injury occurred, but that he knew of sales of such breed of dogs in New York City, the nearest market, and that its reasonable market value there was from $150 to $200, and that after the injury it had little, if any, market value, was proper to prove value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 259–296; Dec. Dig. ⬳113.]

Appeal from Rensselaer County Court.

Action by Victor Rimbaud, prosecuted after his death by Augustine Rimbaud, as executrix, against James Beiermeister, an infant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Shaw, Bailey & Murphy, of Troy, for appellant.
Herbert F. Roy, of Troy, for respondent.

SMITH, P. J. This is an action in tort for malicious injury to a dog. It appears that respondent's testator, on a warm afternoon in June, 1913, in the city of Troy, was sitting upon the grass in the shade of a tree, and upon a slope or terrace running from the sidewalk up to the lawn of appellant's mother, which is several feet above the level of the sidewalk. The street line is 4.4 feet from the inside edge of the sidewalk, and the top of the terrace is about 7 feet from the sidewalk. The testator's dog was playing near him with a ball, when, according to his story, the appellant came across the lawn and told him to take the dog away. Plaintiff's testator then called the dog, which approached appellant in play with the ball in its mouth, who thereupon threw at it a stone which he took out of his pocket, and which hit the dog on the head, causing the injury complained of. The dog was of good size, and the injury was a severe one, consisting of a concussion of the brain, with convulsions, from which the animal has never fully recovered. The severity of the injury would indicate that the appellant was very near the dog when he threw the stone, in accordance with the testator's story, rather than 15 or 20 feet away, as testified to by the appellant. It seems that on at least one prior occasion the testator and his dog had been ordered off these premises by appellant's mother, and that she had also complained to the police about the man and dog being on her lawn. There were no flowers or shrubbery about the lawn, and there was no evidence that the man or dog had ever done any damage there. The dog was a female, but was kept on a leash when in heat. It was a well-bred French poodle, and no claim is made that it was vicious. The jury were instructed that they might find exemplary or punitive damages, and they have returned a verdict for $155.

[1] The principal ground of appeal involves the applicability to this case of the dog license provisions of the Second Class Cities Law. Section 220 provides that any owner of a dog of any city of the second class—

"who desires to maintain or preserve any right of property in such dog must procure yearly a license."

In this case no reference was made to any license in the pleadings nor upon the trial, until the evidence was all in and the judge had charged the jury, whereupon the counsel for the appellant asked for a charge that under this statute and the proof in the case the respondent had no property interest in the dog, and so could not recover any damages for injuries it might have sustained. The court declined so to charge, and the question is now presented as to whether the obtaining of a license is under the statute a condition precedent to the bringing of an action such as this, and so must be pleaded and proved by the plaintiff, or is merely a condition subsequent, so as to be waived, if not pleaded and proved by the defendant. The section quoted seems to admit, as is generally held to-day, that there is a property right in dogs, but imposes a certain restriction or condition upon maintaining or preserving such right. The section does not of itself create the right of property in dogs, which has long existed in this state, but rather states the condition under which the old right may now be exer-

cised. In an extended discussion of conditions precedent and subsequent, Judge Vann, in Wood & Selick v. Ball, 190 N. Y. 217, at page 223, 83 N. E. 21, at page 22, lays down the—

"general rule that performance of a condition subsequent, which continues in force a right already acquired, need not be pleaded, while performance of a condition precedent, by which the right itself is acquired in the first instance, must be pleaded."

In the later case of Bean v. Flint, 204 N. Y. 153, at page 161, 97 N. E. 490, at page 491, Judge Hiscock, in discussing the same point, says:

"As was said by Judge Vann, in the Wood & Selick Case, it is a provision 'withholding legal remedies,' and this within what I regard as controlling authorities amounts to the creation of a bar or defense, which must be pleaded by the defendant."

The statutes of fraud and limitations are very similar to the statute now under review, in that they do not create any new rights, but merely allow the exercise of a general and pre-existing right if a certain other state of facts also exists. These two statutes, as is well established, must be pleaded as a defense to be availed of, thereby coming within the class of conditions subsequent, and Judge Hiscock in the opinion quoted very largely relies upon this fact in support of his position. We think the excerpts quoted lay down the correct principles for the determination of this question, and that accordingly the license provision of section 220 is properly a condition subsequent to the bringing of an action such as this. The motions to dismiss the complaint and for a nonsuit, made at the close of respondent's and appellant's cases, indicate that the attorney for appellant was fully aware of the statute, which he later brought to the attention of the court after the charge. Fair practice would have required him to raise the question when proof could have been made, if proof existed, that the dog had been licensed. If the dog had not in fact been licensed, we may assume that the attorney had knowledge of this fact, having in mind the statute, and so would have pleaded and proven. Such practice tends to delay and defeat justice, and is not to be encouraged.

[2] It is further claimed by the appellant that the learned trial judge erred in instructing the jury that they might allow exemplary damages. Appellant claims that, as the dog was a trespasser at the time, this defendant, who was then a well-grown youth over 18 years of age, had the right, in acting for his mother, to use means to remove the dog, even to the extent of killing it. For this proposition reliance is placed upon Kiff v. Youmans, 86 N. Y. 324, 40 Am. Rep. 543, which holds that when more force than necessary is used to remove a trespasser punitive damages may not be recovered. But the opinion of the court by Judge Danforth is careful to limit this doctrine to the particular case before them, where it was assumed that the object of the defendant was to stop a trespass, not to "take an opportunity, under pretense of right, to inflict on him a wanton and malicious assault." The injury in the case at bar was so sudden and severe that we think the jury might consider it rather in the nature of a malicious attack upon a harmless and unoffending animal than merely the exercise of more

force than was necessary in the course of the removal of this dog from the premises. In the case of Conners v. Walsh, 131 N. Y. 590, 30 N. E. 50, where a property owner threw a piece of brick at a boy innocently trespassing upon his premises, the jury were instructed that if the act of the defendant was "wanton, reckless, and malicious" they might award exemplary damages.

[3] Appellant further complains that the trial judge did not instruct the jury that the dog was a trespasser at the time of the injury, but left to them this question. The evidence seems uncontradicted that, although the deceased, when sitting upon the terrace, was partly or entirely within the street limits, his dog, when struck by the stone, had started to go towards the appellant, and was at the upper edge of· the terrace or upon the lawn. This appears from the evidence of the deceased, and no claim was made to the contrary in the case, although he asserted that prior to the injury the dog had stayed next to him. We do not see how the momentary failure of the trial court to recall the evidence on this point can fairly be said to have prejudiced the appellant. The jury undoubtedly remembered that the then plaintiff himself testified that the dog, when hit, was upon the "top of the terrace," which was two or three feet beyond the street line and upon the premises of appellant's mother.

[4] A further assignment of error is that the damages claimed were not properly proven. The evidence of the veterinary who attended the dog after it was injured was to the effect that it was a well-bred French poodle, that there was no market ·for such dogs in Troy, but that he knew of sales of this breed of dogs in New York City, the nearest market for such dogs, and that its reasonable market value there was $150 to $200. He also testified that after the injury the dog had little if any market value. We see no error in this method of proving value. The fact that a dog of this kind had but little market value in the immediate vicinity allowed proof of its value in the nearest market for such . animals. Besides, even if the animal had almost no market value, it was evidently a pet, and the jury may have assigned by far the greater portion of the damages allowed to the punitive part of their verdict.

The judgment and order should be affirmed, with costs. All concur.