JAMES ROBERT DICKENS v. EARL V. PURYEAR AND ANN BREWER PURYEAR

No. 7910SC721

(Filed 18 March 1980)

**Limitation of Actions §§ 16.1, 18.1— assault and battery—statute of limitations not pled—claim improperly labeled—action barred**
 Plaintiff's claim was barred by the one year statute of limitations for actions based on assault and battery, though the statute of limitations was never pled in answer and though plaintiff's complaint sought recovery for the intentional infliction of mental distress to which a three year statute of limitations would apply, since the unpled affirmative defense of the statute of limitations could be heard for the first time on motion for summary judgment where both parties were aware of the defense, and since the action was in fact based on assault and battery, and plaintiff's label of intentional infliction of mental distress would not apply to invoke the longer period of limitation. G.S. 1-54(3).

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 29 March 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 25 February 1980.

Plaintiff brought this action on 31 March 1978 seeking money damages for a tort committed against him on 2 April 1975. The same occurrence gave rise to a criminal conviction of defendant Earl V. Puryear for conspiracy to commit a simple assault. That case is reported at 30 N.C. App. 719, 228 S.E. 2d 536 (1976) and contains a detailed summary of the facts which give rise to this case. Stated briefly, the facts are that plaintiff was handcuffed to a piece of farm machinery, beaten and threatened with death, castration or other bodily injury by men wielding knives and clubs. He was intructed to run to his home, tear his telephone off the wall, pack his clothes and leave the State or be killed. Defendants, who are husband and wife, did or conspired to have these things done to him because he, a man of over thirty years of age, had given drugs and alcohol to their seventeen-year-old daughter as well as engaging in sexual intercourse with her.

Defendants never filed an answer to the complaint but plaintiff's deposition was taken. Defendants moved for summary judgment. It was granted by the trial judge after he considered the complaint, plaintiff's deposition and a part of the transcript of the criminal case arising out of this occurrence. Plaintiff appeals.

*Ransdell, Ransdell and Cline, by Phillip C. Ransdell and James E. Cline, for plaintiff appellant.*

*Ragsdale and Liggett, by Peter M. Foley and George R. Ragsdale, for defendant appellee Earl V. Puryear.*

*Manning, Fulton and Skinner, by Howard E. Manning and Michael T. Medford, for defendant appellee Ann Brewer Puryear.*

VAUGHN, Judge.

The only issue we need address is whether the entry of summary judgment in favor of defendants was correct because plaintiff's claim is barred by the one year statute of limitations for actions based on assault and battery contained in G.S. 1-54(3). We hold the claim is so barred.

Plaintiff argues summary judgment was improper on procedural grounds because the statute of limitations had never been pled in answer as required by the Rules of Civil Procedure. G.S. 1A-1, Rule 8(c). In this case, defendants were granted an extension of time in which to answer because of a decision pending in this Court which would possibly affect defendants' answer. Meanwhile, discovery was taken followed by motions for summary judgment. The statute of limitations was not presented as a specific ground in the motions for summary judgment. However, the issue was fully briefed and argued before the trial court by counsel for both sides. This affirmative defense was clearly before the trial court. Unpled affirmative defenses may be heard for the first time on motion for summary judgment even though not asserted in the answer at least where both parties are aware of the defense. *See Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976).

Plaintiff's complaint was filed more than one year from the time the tort was allegedly committed against him by defendants but within three years of that time. Plaintiff argues his complaint seeks recovery for the intentional infliction of mental distress. If so, a three year statute of limitations, G.S. 1-52(5), and not the one year statute of limitations for assault and battery, G.S. 1-54(3), would apply. His complaint is worded so as to give this label to the tort for which he claims relief. In pertinent part, the complaint states:

3. On April 2, 1975 the Defendants conspired with each other and with other persons, whose identity is unknown to the Plaintiff, to lure the plaintiff, by false and deceitful statements, to a place on and near North Carolina Highway #42 in Johnston County, North Carolina, where Plaintiff would be alone in an isolated place and unable to summon help, and there to *inflict upon him severe emotional distress.* Acting pursuant to this conspiracy, the Defendants, and those with whom they conspired, did lure the Plaintiff on April 2, 1975 by false statements made to him, to the said place in the night time when no others were present upon whom he could call for aid. Upon Plaintiff arriving at said time and place, the Defendant Ann Brewer Puryear, left the scene and left Plaintiff in the presence of Defendant Earl V. Puryear and Four (4) masked men with whom the Defendants

had conspired, and, pursuant to said conspiracy, the Defendant Earl V. Puryear and the Four (4) masked men with whom they had conspired, who were then acting as the agents for both Defendants pursuant to said conspiracy, did, within the hearing of the Plaintiff and while having Plaintiff surrounded, and *with the intent to inflict upon Plaintiff severe emotional distress,* have several discussions concerning whether or not to kill Plaintiff or to castrate him. After those discussions, and *with the malicious intent to inflict severe emotional distress upon Plaintiff,* the Defendant Earl V. Puryear and the Four (4) masked men acting pursuant to said conspiracy did instruct the Plaintiff to return to his home in Raleigh, tear his telephone off the wall, pack his clothes and leave the State of North Carolina and did state to Plaintiff that unless he did so, they would have him killed. This conduct by the Defendants and the Four (4) masked men with whom they conspired and acted together was intentional, malicious, extreme and outrageous and was perpetrated by the Defendants and those with whom they conspired and acted *with the specific intention of causing the plaintiff severe emotional distress,* or in any event was perpetrated under circumstances in which the Defendants knew, or should have known, that their conduct and those who acted in conspiracy with them would cause or would be likely to *cause severe emotional distress to the Plaintiff.*

4. As the direct and proximate result of this conduct of the Defendants and those with whom they conspired, the Plaintiff suffered great fright and shock, severe and permanent mental and emotional distress, physical injuries to his nerves and nervous system, was unable to work for a considerable period of time thereafter, and has been damaged in a large amount. . . .

The label plaintiff gives to an alleged wrong is not the controlling factor. "The nature of the action is not determined by what either party calls it, but by the issues arising on the pleadings and by the result sought." *Hayes v. Ricard,* 244 N.C. 383, 320, 93 S.E. 2d 540, 545-46 (1956). The facts of this case present a case of assault and battery and not intentional infliction of mental distress. Where plaintiff has labeled the tort intentional infliction of men-

tal distress in his complaint, the words assault or battery or both conjoined are more appropriate.

The deposition testimony of plaintiff reinforces this characterization of the claim. Plaintiff testified in part that defendant Earl V. Puryear

> took a knife out, he jerked me around by the hair of the head and took the knife and showed me how sharp it was by cutting on my hair, and asked me did I know what he was going to do with that knife. I told him that I had a pretty good idea what he intended to do. And he stated that he was going to castrate me and at the same time he would grab me by the hair of the head and jerk my head and hit me with his knee between his (sic) legs.

This is intentional harmful and offensive contact and the threat of such contact for which the law provides causes of action for assault and battery. Plaintiff also based his claim upon the fact that, in the words of his deposition, "[t]hey instructed me to run to my home, tear my telephone off the wall, pack my clothes, leave the state, and said that if I didn't do that they would have me killed." While a threat for the future is not an assault, this cannot be described as a future threat. This is an immediate threat of harmful and offensive contact. It was a present threat of harm to plaintiff and it was a part of the one occurrence. This is not a case of two torts arising out of one occurrence.

Where the gist of a claim for relief is assault and battery, courts have applied the statute of limitations applicable to assault and battery despite allegations in the complaint that it was some other tort. This is particularly true where it appears the purpose in the use of a label different from assault and battery is to provide a different and longer statute of limitations. In such cases, courts have been particularly careful to use the statute of limitations applicable to the facts and not the label. *Maes v. Tuttoilmondo*, 31 Col. App. 248, 502 P. 2d 427 (1972); *Thomas v. Casford*, 363 P. 2d 856 (Okl. 1961); *Borchert v. Bash*, 97 Neb. 593, 150 N.W. 830 (1915); Annot. 90 A.L.R. 2d 1230 (1963). The case at hand involves such a situation.

Mental distress is a factor in this cause of action for assault and battery. It is a consequence of the assault and battery and if plaintiff had brought his action in the time allowed by law, the

mental distress he suffered would have compounded the damages he could have recovered for the assault and battery.

Affirmed.

Chief Judge MORRIS and Judge ARNOLD concur.