PARKERSMITH PROPERTIES, a North Carolina General Partnership, Plaintiff v. HERMAN C. JOHNSON, PEGGY JANELL JOHNSON, and SAMUEL GWYNN, Defendants

No. COA99-407

(Filed 15 February 2000)

### 1. Pleadings— additional theory—failure to plead or amend complaint

The trial court did not err by granting defendant-Johnsons' motion for summary judgment in a claim for interference with contractual relations based on the issue of whether the installment contract was an equitable mortgage because: (1) plaintiff's complaint does not allege equitable mortgage as a possible claim against defendants and does not allege any facts that would put defendants on notice as required by N.C.G.S. § 1A-1, Rule 8(a); (2) plaintiff did not amend its complaint at any time to allege this additional theory of recovery to put defendants on notice as required by N.C.G.S. § 1A-1, Rule 8(c); and (3) plaintiff cannot assert an additional theory of recovery for the first time on appeal.

### 2. Contracts— assignment of rights—withholding consent—reasonableness not required

Defendant-Johnsons' withdrawal or withholding of their consent to defendant-Gwynn's assignment of his rights under an installment contract to plaintiff is not unreasonable and does not violate public policy because: (1) there is no evidence that defendants gave written consent to this assignment as required by the express terms of the contract; and (2) there is no authority in North Carolina that a party may not withhold its consent to an assignment under a valid non-assignment clause unless the party's withholding of consent is reasonable.

### 3. Estoppel— quasi—no evidence of actual benefits

Defendant-Johnsons are not estopped from denying the validity of Gwynn's assignment of rights under the installment con-

tract to plaintiff based on quasi-estoppel because the record does not contain any evidence defendants actually received any benefits as a result of the assignment.

**4. Estoppel— equitable—put on inquiry as to truth**

Since plaintiff had a copy of the installment contract which required written consent by defendant-Johnsons before it could be assigned and plaintiff knew written consent was not given, defendants are not equitably estopped from denying the validity of Gwynn's assignment of rights under the installment contract to plaintiff because a party cannot rely on equitable estoppel if it was put on inquiry as to the truth and had available the means for ascertaining it.

Appeal by plaintiff from order filed 9 February 1999 by Judge J.B. Allen, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 11 January 2000.

*Donna Ambler Davis, P.C., by Donna Ambler Davis, for plaintiff-appellant.*

*Grady Joseph Wheeler, Jr. for defendant-appellees.*

GREENE, Judge.

PARKERSMITH PROPERTIES (Plaintiff), a partnership, appeals an order filed 9 February 1999 in favor of Herman C. Johnson (Johnson) and Peggy Janell Johnson (collectively, Defendants) granting Defendants' motion for summary judgment.

The evidence shows that prior to 31 March 1995, Samuel Gwynn (Gwynn) deeded property located in Burlington, North Carolina (the property) to Defendants. Then, on 31 March 1995, Gwynn and Defendants entered into a real estate installment sales contract (installment contract) in which Gwynn agreed to make payments to Defendants in the amount of approximately $252,939.13 plus 10% interest to repurchase the property. The installment contract stated Defendants would, upon receipt of the full purchase price, "execute and deliver to [Gwynn] a general warranty deed for [the property]." The installment contract also stated, in pertinent part: "It is specifically understood, contracted and agreed that this [installment contract] shall not be assigned by [Gwynn], nor shall [Gwynn] convey or attempt to convey the subject real property or any rights hereunder, without the prior written approval of [Defendants]."

On 30 October 1997, Gwynn and Plaintiff entered into a contract (the assignment) whereby Gwynn assigned his rights under the installment contract to Plaintiff; however, Defendants did not provide written consent to the assignment. Plaintiff then attempted to purchase the property by tendering to Defendants the total amount of funds due under the installment contract, and Defendants refused to accept the tender.

On 14 January 1998, Plaintiff filed suit against Gwynn and Defendants, asserting a claim for breach of contract against Gwynn and a claim for interference with contractual relations against Defendants. Plaintiff subsequently voluntarily dismissed its claim against Gwynn. Plaintiff's claim against Defendants stated, in pertinent part:

11. . . . . Plaintiff avers that the [assignment] that exists between . . . Plaintiff and . . . Gwynn is a valid contract.

12. . . . Defendants . . . had knowledge of . . . Plaintiff's [assignment] with . . . Gwynn.

13. . . . Defendants . . . became aware of the [assignment] in or about October, 1997. Said Defendants intentionally interfered with the [assignment] between . . . Plaintiff and . . . Gwynn with the goal of inducing . . . Gwynn not to perform his part of the contract with . . . Plaintiff. In doing so, . . . Defendants . . . acted without justification.

In their answer, Defendants denied having knowledge of the assignment. Defendants further stated Gwynn entered into the assignment without "discussion with or approval of . . . Defendants."

On 12 January 1995, Defendants filed a motion for summary judgment and an affidavit in support of that motion. In the affidavit, Johnson made the following pertinent statements:

8. [A partner of Plaintiff] without the knowledge of the undersigned Defendant obtained the signature of . . . Gwynn on a purported assignment of Gwynn's rights pursuant to the terms of the agreement to repurchase the land. . . .

. . . .

11. The undersigned Defendant never executed any written approval or consent for assignment of the agreement as none is alleged in the complaint and the Defendant did not by his

words or actions consent to such an agreement and such is not alleged in the complaint.

. . . .

13. Without the consent of the undersigned, . . . Plaintiff[] proceeded toward a purported closing of the sale of the real property based on a value which did not include all of the acquisition costs of the undersigned and no value attributed to the land. There never was a meeting of the minds as to anything related to the purported sales price. . . .

14. The undersigned did not agree as to the tendered price, and did not consent to the assignment of the rights of Gwynn under the contract which prohibited assignment without the approval of [Defendants].

Timothy Parker (Parker), a general partner of Plaintiff, filed an affidavit in opposition to Defendants' motion for summary judgment, which stated in pertinent part:

6. . . . Johnson knew in advance that . . . Gwynn was going to sign [the assignment] with my partnership. I specifically discussed this with . . . Johnson.

. . . .

9. At all times . . . Johnson did by his words, actions and conduct consent to the [assignment] signed by . . . Gwynn with my partnership and I further **AFFIRMATIVELY ASSERT** that . . . Johnson should be estopped from attempting to assert any differently under both the theory of estoppel based on acceptance of benefits and upon the general principles of equitable estoppel.

10. It is true that my partners and I attempted to close on the sale of the purchase of [the property] pursuant to the terms of the [assignment] and attempted to tender to [Defendants] and . . . Gwynn all monies due and owing to them thereunder. There was clearly a meeting of the minds as to the sales price as set forth under the [assignment], which ensured that [Defendants] received all funds due and owing to them pursuant to the [installment contract] between [Defendants] and . . . Gwynn.

11. . . . Gwynn made it clear to the undersigned that the only reason for the deed he signed to [Defendants] was so that they would invest money in his trailer park and absolve him of the

financial troubles that were surrounding him at the time he entered into the [installment contract] with [Defendants] . . . . There clearly was a debtor/creditor relationship between . . . Gwynn and [Defendants] and the [installment contract] makes it clear that the deed was security for the debt from . . . Gwynn to [Defendants] and that, in fact, the deed was more indicative of a mortgage. . . . Gwynn remained in possession of the [property] after the conveyance of the deed to [Defendants] and he was clearly under the pressure of need (being hard pressed for money) at the time of the execution of the deed. As such, the undersigned **AFFIRMATIVELY ASSERTS** that the undersigned and his partners are entitled to recover in this action under the theory of equitable redemption.

The issues are whether: (I) Plaintiff's pleadings provided Defendants with notice, pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, of Plaintiff's equitable mortgage claim; (II) Defendants' withdrawal or withholding of their written consent to the assignment of the installment contract was unreasonable and, therefore, void as against public policy; and (III) Defendants are estopped from denying the validity of the assignment when Defendants were aware of the assignment and did not state any objection to it.

I

[1] Plaintiff argues Defendants were not entitled to summary judgment because a genuine issue of material fact exists regarding whether the installment contract was an equitable mortgage. We disagree.

The North Carolina Rules of Civil Procedure require a pleading setting forth a claim for relief to include "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved." N.C.G.S. § 1A-1, Rule 8(a) (1999). Under this " 'notice theory' " of pleading, a pleading must give "sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and . . . to get any additional information he may need to prepare for trial." *Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970).

In this case, Plaintiff's complaint alleges a cause of action against Defendants for interference with contractual relations based on

**PARKERSMITH PROPERTIES v. JOHNSON**

[136 N.C. App. 626 (2000)]

Defendants' alleged interference with Plaintiff's assignment to Gwynn. Plaintiff's complaint does not allege equitable mortgage as a possible claim against Defendants, and does not allege any facts that would put Defendants on notice of an equitable mortgage claim. Moreover, Plaintiff did not amend its complaint at any time to allege this additional theory of recovery.[1] Plaintiff's pleadings, therefore, do not provide Defendants with notice pursuant to Rule 8(c) of Plaintiff's equitable mortgage claim, and this claim was consequently not properly before the trial court. Because a plaintiff cannot assert an additional theory of recovery for the first time on appeal, *Gilbert v. Thomas*, 64 N.C. App. 582, 586, 307 S.E.2d 853, 856 (1983), we do not address Plaintiff's equitable mortgage claim.

II

**[2]** Plaintiff argues Defendants' withdrawal or, in the alternative, withholding of their consent to Gwynn's assignment to Plaintiff is unreasonable and, therefore, void as against public policy. We disagree.

Generally, contracts are freely assignable unless prohibited by statute, public policy, or the terms of the contract. *Kraft Foodservice, v. Hardee*, 340 N.C. 344, 348, 457 S.E.2d 596, 598 (1995).

In this case, Gwynn and Defendants entered into an installment land contract for purchase of the property, and the express terms of the contract stated it was not assignable by Gwynn absent written consent by Defendants. Plaintiff has not alleged Defendants provided Plaintiff or Gwynn with any written consent, and there is no evidence in the record that Defendants gave written consent to the assignment. Because there is no evidence Defendants gave written consent, Defendants could not have withdrawn their consent as Plaintiff contends.

---

1. Plaintiff submitted to the trial court Parker's affidavit, which stated "the undersigned and his partners are entitled to recover in this action under the theory of equitable redemption." Plaintiff then argued in its brief to this Court that equitable redemption applies to this case under the theory of equitable mortgage. A plaintiff may not, however, assert an additional claim against a defendant by submitting an affidavit in opposition to summary judgment which raises an additional theory of recovery. *Cf. Dickens v. Puryear*, 45 N.C. App. 696, 698, 263 S.E.2d 856, 857-58 (1980) ("[u]npled *affirmative defenses* may be heard for the first time on motion for summary judgment even though not asserted in the answer at least where both parties are aware of the defense") (emphasis added), *rev'd in part on other grounds*, 302 N.C. 437, 276 S.E.2d 325 (1981).

Plaintiff argues in the alternative that Defendants' withholding of their consent violated public policy and is, therefore, void.

Assignments are governed by the general principles of contract law, *see Gillespie v. DeWitt*, 53 N.C. App. 252, 262, 280 S.E.2d 736, 743, *disc. review denied*, 304 N.C. 390, 285 S.E.2d 832 (1981), and "provisions in bilateral contracts that forbid or restrict assignment of the contract without the consent of the obligor are generally valid and enforceable," 6 Am. Jur. 2d *Assignments* § 21 (1999). We find no authority in North Carolina for Plaintiff's argument that a party may not withhold its consent to an assignment under a valid non-assignment clause unless the party's withholding of consent is reasonable.[2] Defendants' withholding of their consent to the assignment, therefore, was not void as against public policy.

### III

Plaintiff argues Defendants should be estopped from denying the validity of the assignment based either on quasi-estoppel or equitable estoppel.[3] We disagree.

[3] Quasi-estoppel is based on a party's acceptance of the benefits of a transaction, and provides " '[w]here one having the right to accept or reject a transaction or instrument takes and retains benefits thereunder, he ratifies it, and cannot avoid its obligation or effect by taking a position inconsistent with it.' " *Carolina Medicorp v. Bd. of Trustees of the State Medical Plan*, 118 N.C. App. 485, 492, 456 S.E.2d 116, 120 (1995) (citation omitted).

In this case, Plaintiff claims in its brief to this Court Defendant received a "monetary and psychological benefit" from Gwynn's

2. Plaintiff cites in support of this argument *Smith v. Mitchell*, 301 N.C. 58, 269 S.E.2d 608 (1980), in which the North Carolina Supreme Court held preemptive rights may be upheld if they are reasonable and do not impose an impermissible restraint on alienation. The installment contract in this case, however, did not contain a preemptive rights provision; rather, the installment contract contained a non-assignment clause. The rule of *Smith*, therefore, is not applicable to this case.

3. Defendants argue Plaintiff cannot raise the issue of estoppel on appeal because Plaintiff did not allege a theory of estoppel in its complaint. Plaintiff did, however, assert a theory of estoppel in its motion in opposition to summary judgment. Because estoppel is an affirmative defense and Defendants had notice of the defense prior to the summary judgment hearing, Plaintiff properly raised the theory of estoppel and the issue is, therefore, properly before this Court. *See Dickens*, 45 N.C. App. at 696, 263 S.E.2d at 857-58 ("[u]npled affirmative defenses may be heard for the first time on motion for summary judgment even though not asserted in the [pleadings] at least where both parties are aware of the defense").

assignment to Plaintiff because the assignment "relieved [Defendants] of their need to find another buyer." The record, however, does not contain any evidence Defendants actually received any benefits as a result of the assignment. There is no evidence Defendants were in need of finding a buyer at the time Gwynn and Plaintiff entered into the assignment, and Defendants never accepted any funds from Plaintiff under the assignment. Because there is no evidence in the record Defendants received a benefit based on Gwynn's assignment to Plaintiff, Defendants are not estopped based on a theory of quasi-estoppel from denying the validity of the assignment.

**[4]** Plaintiff also argues Defendants are equitably estopped from denying the validity of the assignment because Defendants were aware Plaintiff and Gwynn were negotiating an assignment of the installment contract and Defendants did not state any objection to the assignment.

A party invoking the doctrine of equitable estoppel has the burden of proving the following elements:

"(1) The conduct to be estopped must amount to false representation or concealment of material fact or at least which is reasonably calculated to convey the impression that the facts are other than and inconsistent with those which the party afterwards attempted to assert;

(2) Intention or expectation on the party being estopped that such conduct shall be acted upon by the other party or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon[;]

(3) Knowledge, actual or constructive, of the real facts by the party being estopped;

(4) Lack of knowledge of the truth as to the facts in question by the party claiming estoppel;

(5) Reliance on the part of the party claiming estoppel upon the conduct of the party being sought to be estopped;

(6) Action based thereon of such a character as to change his position prejudicially."

*State Farm Mut. Auto. Ins. Co. v. Atlantic Indemnity Co.*, 122 N.C. App. 67, 75, 468 S.E.2d 570, 574-75 (1996) (citations omitted). A party cannot rely on equitable estoppel if it "was put on inquiry as to the truth and had available the means for ascertaining it." *Hawkins v. Finance Corp.*, 238 N.C. 174, 179, 77 S.E.2d 669, 673 (1953) (citation omitted).

In this case, Plaintiff had a copy of the installment contract, which required written consent by Defendants before it could be assigned. Although Plaintiff alleges Parker specifically discussed the assignment with Johnson and Johnson did not state any objection, Plaintiff was on notice that written consent was required and knew Defendants had not given written consent. Plaintiff, therefore, did not have a "[l]ack of knowledge of the truth as to the facts in question," *State Farm Mut. Auto. Ins. Co.*, 122 N.C. at 75, 468 S.E.2d at 574, and Defendants are consequently not equitably estopped from denying the validity of the assignment.

Affirmed.

Judges LEWIS and EDMUNDS concur.