DAISY ARLENE STANCILL v. CITY OF WASHINGTON AND
JACK H. WEBB

No. 762SC118

(Filed 16 June 1976)

**Municipal Corporations § 14— stop sign obscured by overhanging foliage — negligence of city**

In an action for damages allegedly resulting from an automobile accident caused by the negligence of defendants in failing to remove overhanging limbs and foliage which obscured a stop sign which directed traffic in plaintiff's lane of travel to stop, plaintiff's affidavit showed that there existed a genuine issue of material fact as to whether the city was in fact negligent in failing to inspect for and clear away overhanging foliage which obscured the stop sign and whether such failure was a proximate cause of plaintiff's injury. G.S. 160A-296.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 25 November 1975 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 24 May 1976.

This is a civil action wherein plaintiff, Daisy Arlene Stancill, is seeking damages allegedly resulting from an automobile accident caused by the negligence of the defendants, City of Washington and Jack H. Webb.

In her verified complaint plaintiff alleged in pertinent part the following:

On 14 July 1974 plaintiff was driving her automobile south along Respass Street in Washington, North Carolina. She approached the intersection of Respass Street and Fifteenth Street; and, seeing no traffic sign of any kind, she proceeded on into the intersection where her car was struck by another car which resulted in the injuries complained of. There is a stop sign on the northwest corner of Respass and Fifteenth Streets directing traffic moving south on Respass Street to stop. Plaintiff could not see the stop sign because overhanging limbs and foliage located near the intersection obscured the sign from plaintiff's vision as she approached the intersection. The City of Washington and Jack H. Webb, City Manager, and their agents and employees are responsible for maintaining the streets in Washington. Reasonable inspection by the defendants in the performance of their duty to maintain the streets would have revealed that limbs and foliage were obscuring the stop sign.

Defendants were negligent in allowing overhanging limbs and foliage to obscure the sign and in failing to correct this dangerous condition. Plaintiff's accident and resulting injuries are a direct and proximate result of defendants' failure to properly maintain the streets.

The defendants in their answer, verified by Jack Webb, denied that they were negligent in any respect. They specifically alleged in pertinent part the following:

Fifteenth Street is a public highway under the exclusive supervision of the Department of Transportation in North Carolina. By statute the Department of Transportation has exclusive jurisdiction to erect "traffic control devices and signs along and adjacent" to Fifteenth Street and all municipal streets entering Fifteenth Street. The stop sign on the northwest corner of Respass and Fifteenth Streets was erected by the Department of Transportation on the Fifteenth Street right-of-way and it is their responsibility to clear overhanging limbs and foliage to permit approaching vehicles to see the stop sign.

Defendants also alleged plaintiff's contributory negligence and governmental immunity in further defense against the claim.

After the conclusion of discovery, defendants moved for summary judgment.

From summary judgment in favor of defendants entered on 25 November 1975, plaintiff appealed.

*Milton S. Brown and LeRoy Scott for plaintiff appellant.*

*Rodman, Rodman and Holscher by Edward N. Rodman and David G. Francisco for defendant appellees.*

HEDRICK, Judge.

The only assignment of error brought forward and argued on appeal is whether the trial court erred in allowing defendants' motion for summary judgment and in dismissing the action. A party moving for summary judgment must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). Summary judgment is appropriate in a negligence case only under exceptional circumstances, since, ordinarily, the rule of

Stancill v. City of Washington

the prudent man should be applied by the jury under appropriate instructions from the court. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). It is only where "a motion for summary judgment is supported by evidentiary matter showing a total lack of negligence on movant's part and no evidence is offered in opposition thereto" that the defendant's motion for summary judgment should be allowed. *Caldwell v. Deese,* 288 N.C. 375, 381, 218 S.E. 2d 379, 383 (1975).

In support of their motion, defendants, through their verified answer and requests for admissions, offered evidence to show that the Department of Transportation by statute (G.S. 136-61.1) has the jurisdiction and the responsibility to maintain Fifteenth Street since it is a part of the State highway system. The stop sign was located in the right-of-way of Fifteenth Street, and the city has no duty and can incur no liability (G.S. 160A-297(a)) for failing to maintain the right-of-way of a street within the municipality which is a part of the State highway system. Since plaintiff does not deny that the stop sign was erected by the State and admits that it is located within the State's right-of-way, defendants argue that as a matter of law they cannot be negligent for failing to maintain the stop sign when they had no duty to maintain it.

Plaintiff, through the affidavit of Milton S. Brown, Jr., offered evidence to show that the overhanging limbs and foliage which obscured the stop sign on 14 July 1974 were located over the western right-of-way of Respass Street. In addition, they offered evidence to show that the city through its employees cut back limbs and foliage along the western right-of-way of Respass Street on 18 July 1974. Since defendants admit that Respass Street is part of the city's street system, plaintiff contends on appeal that G.S. 160A-296 is applicable to this case. It provides in pertinent part that:

"A city shall have general authority and control over all public streets, sidewalks, alleys, bridges, and other ways of public passage within its corporate limits except to the extent that authority and control over certain streets and

bridges is vested in the Board of Transportation. General authority and control includes but is not limited to:

&ast;  &ast;  &ast;

(2) The duty to keep the public streets, sidewalks, alleys, and bridges open for travel and free from unnecessary obstructions;

&ast;  &ast;  &ast;"

G.S. 160A-296 imposes upon the municipality the positive duty to maintain its streets in a reasonably safe condition for travel. *Hunt v. High Point*, 226 N.C. 74, 36 S.E. 2d 694 (1946); *Mosseller v. Asheville*, 267 N.C. 104, 147 S.E. 2d 558 (1966). Plaintiff's affidavit shows that there exists a genuine issue of material fact as to whether the city was in fact negligent in failing to inspect for and clear away overhanging foliage which obscured the stop sign and whether such failure was the proximate cause of plaintiff's injury. While the city is not an insurer of the condition of its streets, G.S. 160A-296 does subject the defendant to liability for the *negligent* failure to maintain its streets in a reasonably safe condition. *Mosseller v. Asheville, supra*. The trial court's judgment granting summary judgment for the defendant City of Washington must be reversed.

With regard to the defendant Jack H. Webb, the caption of the case indicates that he has been sued individually and not in his official capacity as City Manager of the City of Washington. We have examined the complaint and plaintiff's evidence offered in reply to defendants' motion for summary judgment and we can find no allegation of any negligence on the part of Jack Webb other than allegations of negligence with respect to him while serving in his official capacity with the City of Washington. Accordingly, summary judgment with regard to defendant Jack H. Webb is affirmed.

The result is: summary judgment for defendant Jack H. Webb is affirmed; summary judgment for defendant City of Washington is reversed.

Affirmed in part; reversed in part.

Judges PARKER and ARNOLD concur.