DAWN COLOMBO, Plaintiff v. WILLIAM THOMPSON DORRITY; and CITY OF DURHAM, Defendants

No. 9314SC878

(Filed 7 June 1994)

1. **Appeal and Error § 112 (NCI4th)— sovereign immunity— refusal of trial court to dismiss—denial immediately appealable**

     Sovereign immunity is a matter of personal jurisdiction, not subject matter jurisdiction; therefore, the trial court's refusal to dismiss a suit against the State on this ground is immediately appealable under N.C.G.S. § 1-277(b).

     **Am Jur 2d, Appeal and Error §§ 47 et seq.**

2. **Highways, Streets, and Roads § 66 (NCI4th)— state roads maintained by city—city's liability arising out of con- tract—action barred by statute of limitations**

     In an action arising out of an automobile accident where plaintiff claimed that a city negligently failed to clear vegetation which obscured a stop sign at the intersection where the acci- dent occurred and failed to properly sign the intersection, the trial court erred in denying defendant city's motion for summary judgment, since a city is not liable for accidents which occur on a street which is part of the State highway system and under the control of the North Carolina Department of Transportation; the roads where the accident occurred were part of the State high- way system; any liability that the city might have had for the acci- dent in question would arise out of the contract between the city and North Carolina Department of Transportation; but plaintiff's action against the city was commenced after the expiration of the two-year statute of limitations of N.C.G.S. § 1-53(1) and is there- fore barred.

     **Am Jur 2d, Highways, Streets, and Bridges §§ 460, 462.**

     **Governmental liability for failure to reduce vegetation obscuring view at railroad crossing or at street or highway intersection. 22 ALR4th 624.**

Appeal by defendant City of Durham from orders entered 6 April 1993 and 10 May 1993 by Judge Robert L. Farmer in Durham County Superior Court. Heard in the Court of Appeals 20 April 1994.

*Pulley, Watson & King, P. A. by Richard N. Watson and Julie Cheek Woodmansee, for plaintiff-appellee.*

*Faison and Fletcher, by Reginald B. Gillespie, Jr. and Selina S. Nomeir, for defendant-appellant City of Durham.*

JOHNSON, Judge.

This case arises out of an automobile collision which occurred on 16 June 1988 at the intersection of Sparger Road and U.S. 70 in Durham, North Carolina. Plaintiff, Dawn Colombo, was a passenger in a vehicle owned by William Malec and operated by Mariah Elizabeth Malec. The Malec vehicle was travelling in a southerly direction along Sparger Road approaching the intersection of Sparger Road and U.S. 70. After Mariah Malec failed to stop at the stop sign at the intersection of Sparger Road and U.S. 70, the Malec vehicle collided with William Thompson Dorrity's vehicle. At the time of the collision, the portions of Sparger Road and U.S. 70 in question, were within the municipal limits of Durham, but part of the State highway system.

On 22 February 1989, plaintiff filed a complaint against Mariah Elizabeth Malec and William S. Malec, alleging that Mariah Malec had negligently run the stop sign at the intersection of Sparger Road and U.S. 70.

On 17 June 1991, plaintiff filed an amended complaint asserting claims against William Thompson Dorrity, the City of Durham (the City), and the North Carolina Department of Transportation (NCDOT). In the amended complaint, plaintiff alleged that the City negligently failed to clear vegetation that obscured the stop sign at the intersection of Sparger Road and U.S. 70 and that the City failed to properly sign the intersection.

On 26 August 1991, the City filed a motion to dismiss plaintiff's amended complaint. The motion was heard by Judge Anthony M. Brannon on 4 September 1991 in Durham County Superior Court. On 1 June 1992, Judge Brannon entered an order denying the City's motion to dismiss.

On 12 March 1993, the City filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. The motion came on for hearing before Judge Robert L. Farmer at the 25 March Civil Session of Superior Court and the 3 May 1993 Civil Session of Superior Court. On 6 April 1993, an order was entered

denying the City's motion for summary judgment based on the City's contention that plaintiff's claim was barred by the statute of limitations and that the City was not responsible for the accident. On 10 May 1993, an order was entered denying the remainder of the City's motion for summary judgment based on governmental immunity. From these orders, the City appealed to our Court.

At the outset, we note that plaintiff contends that the trial court's order denying the City's motion for summary judgment based on the doctrine of governmental immunity is interlocutory, and therefore not appealable. We disagree. North Carolina General Statutes § 1-277(b)(1983) provides:

[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause.

[1] This Court has held that sovereign immunity is a matter of personal jurisdiction, not subject matter jurisdiction; therefore, the trial court's refusal to dismiss a suit against the state on these grounds is immediately appealable under North Carolina General Statutes § 1-277(b). *Zimmer v. N. C. Dept. of Transportation*, 87 N.C. App. 132, 360 S.E.2d 115 (1987). The Court in *Zimmer* stated:

[w]hether sovereign immunity is a question of subject matter jurisdiction or personal jurisdiction is an unsettled area of the law in North Carolina. The distinction is important because the denial of a motion to dismiss for lack of subject matter jurisdiction pursuant to G.S.1A-1, Rule 12(b)(1) is non-appealable, G.S. 1-277(a), but the denial of a motion challenging the jurisdiction of the court over the person of the defendant pursuant to G.S.1A-1, Rule 12(b)(2) is immediately appealable. G.S. 1-277(b).

*Id.* at 133, 360 S.E.2d at 116. (Citation omitted.) The *Zimmer* Court also noted that the North Carolina Supreme Court in *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982) expressly declined to decide "whether the denial of a motion to dismiss on grounds of sovereign immunity is immediately appealable." *Teachy* at 328, 293 S.E.2d at 184. Therefore, following the precedent of this Court, we hold that the present appeal based on governmental immunity is properly before this Court.

COLOMBO v. DORRITY

[115 N.C. App. 81 (1994)]

Additionally, plaintiff argues that the City's motion for summary judgment was based on several grounds other than governmental immunity and that the denial of the City's motion for summary judgment on these grounds is interlocutory. We disagree. We believe that allowing an immediate appeal only from the order denying the City's motion for summary judgment on the grounds of governmental immunity would create a fragmentary appeal. As such, we allow an immediate appeal from both orders denying the City's motion for summary judgment.

As we have established that this appeal is properly before this Court, we address the merits of the City's appeal.

By the City's sole assignment of error, the City contends that the trial court erred in denying its motion for summary judgment on the grounds that plaintiff's actions were barred by governmental immunity and/or the applicable statute of limitations.

The purpose of summary judgment is to eliminate formal trials when the only questions involved are questions of law. *Ellis v. Williams*, 319 N.C. 413, 355 S.E.2d 479 (1987). A motion for summary judgment tests the legal sufficiency of a claim for submission to the jury; if the pleadings, depositions, interrogatories, admissions on file and affidavits demonstrate that there is no genuine issue of any material fact and that only questions of law exist, then summary judgment is proper. *Bolick v. Townsend Co.*, 94 N.C. App. 650, 381 S.E.2d 175, *disc. review denied*, 325 N.C. 545, 385 S.E.2d 495 (1989). Therefore, we must determine whether the pleadings, depositions, interrogatories and admissions on file, establish that summary judgment was not warranted in this case.

Generally, a municipality may not be held liable for its acts if the incident arises out of a governmental function. *Guthrie v. State Ports Authority*, 307 N.C. 522, 299 S.E.2d 618 (1983). Unless a right of action is given by statute, municipal corporations may not be held civilly liable for neglecting to perform or negligence in performing duties which are governmental in nature. *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E.2d 900 (1963). Additionally, a municipality while acting on the State's behalf in promoting or protecting health, safety, security, or the general welfare of its citizens, is an agency of the sovereign and not subject to an action in tort for resulting injury to person or property, in the absence of waiver of governmental immunity under the statute. *Clark v. Scheld*, 253 N.C.

732, 117 S.E.2d 838 (1961). In the case *sub judice*, we find no statutory waiver of governmental immunity.

[2] In the instant case, plaintiff alleges that a common law exception to the doctrine of governmental immunity exists. Plaintiff alleges that the courts of this state have long recognized a common law exception to the doctrine of governmental immunity where a municipality creates a dangerous condition in its streets that proximately causes injury to a person using the street. Specifically citing *Hunt v. City of High Point*, 226 N.C. 74, 36 S.E.2d 694 (1946) which held that "the right to recover against a city for actionable negligence for defects in its streets and sidewalks is based on the common law, and requires no statute to proclaim it," *Id.* at 75, 36 S.E.2d at 695 (citation omitted), plaintiff claims that the City is not protected by governmental immunity.

The City argues that it was merely acting on the State's behalf because the portions of Sparger Road and U.S. 70 in question were part of the State highway system and not part of the Municipal Street System at the time of the accident; therefore, the doctrine of governmental immunity applies.

By virtue of the North Carolina General Statutes, a municipality is not liable for accidents which occur on a street which is part of the State highway system and under the control of the NCDOT. North Carolina General Statutes § 160A-297(a) (1987) provides:

> [a] city shall not be responsible for maintaining the streets or bridges under the authority and control of the Board of Transportation, and shall not be liable for injuries to persons or property resulting from any failure to do so.

North Carolina General Statutes § 136-45 (1993) sets forth the general purpose of the laws creating the NCDOT and provides in pertinent part:

> [t]he general purpose of the laws creating the [North Carolina] Department of Transportation is . . . for the . . . purpose of permitting the State to assume control of the State highways, repair, construct, and reconstruct and maintain said highways at the expense of the entire State, and to relieve the counties and cities and towns of the State of this burden.

**COLOMBO v. DORRITY**

[115 N.C. App. 81 (1994)]

In the case *sub judice*, the City contracted with the NCDOT to care and maintain the streets in question pursuant to North Carolina General Statutes § 136-66.1(3) (1993) which provides:

> [a]ny city or town, by written contract with the Department of Transportation, may undertake to maintain, repair, improve, construct, reconstruct or widen those streets within municipal limits which form a part of the State highway system and may also, by written contract with the Department of Transportation, undertake to install, repair and maintain highway signs and markings, electric traffic signals and other traffic-control devices on such streets.

The portions of Sparger Road and U.S. 70 in question were part of the State highway system, and as such, the responsibility of the NCDOT. Therefore, based upon the foregoing statutes, apart from its contract with the NCDOT, the City had no responsibility for the maintenance or condition of the traffic signal in question. According to our Supreme Court's holding in *Matternes v. City of Winston-Salem*, 286 N.C. 1, 209 S.E.2d 481 (1974), the contract between the City and the NCDOT does not change the status of the streets in question from being part of the State highway system. Nor does the contract bring the streets in question within the general rule that a city is under a duty to use due care to keep *its* **own** streets safe for ordinary use. Therefore, we find that any liability that the City might have for the accident in question would arise out of the contract between the City and the NCDOT. Nonetheless, even under the theory of contract law, and without addressing the issue of third party beneficiary, plaintiffs' action must fail because it was not timely instituted.

North Carolina General Statutes § 1-53(1) (1983) provides a two-year statute of limitations for "[a]n action against a local unit of government upon a contract, obligation or liability arising out of a contract, express or implied. . . ." As the accident from which this action arises occurred on 16 July 1988, and plaintiff did not commence an action against the City until on or about 17 July 1991, plaintiff's action was commenced after the expiration of the two-year statute of limitations and is barred. Accordingly, we find the trial court erred in denying the City's motion for summary judgment.

We reverse the decision of the trial court and remand with direction for the trial court to enter summary judgment for the City of Durham.

**GUILFORD CO. PLANNING & DEV. DEPT. v. SIMMONS**

[115 N.C. App. 87 (1994)]

Chief Judge ARNOLD and Judge JOHN concur.