STEVE MULLIS AND BLAINE SCOTT MULLIS, PLAINTIFFS v. HARRY SECHREST AND
CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, DEFENDANTS

No. COA95-1180

(Filed 6 May 1997)

1. **Pleadings § 369 (NCI4th)— sovereign immunity—amendment of answer**

   The trial court did not abuse its discretion, in an action against a school board and teacher to recover damages for injuries suffered by plaintiff high school student while he was enrolled in an industrial arts class, by allowing defendants to amend their answer to assert the defense of sovereign immunity where both parties knew or should have known that an action against a governmental entity and its officers and employees raised a question of sovereign immunity, and the trial court allowed plaintiffs to amend their complaint to include an allegation that defendants waived sovereign immunity by purchasing liability insurance.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 668, 674.**

   **Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

   **Immunity of private schools and institutions of higher learning from liability in tort. 38 ALR3d 480.**

2. **Schools § 172 (NCI4th)— school board—risk management agreement—not insurance contract—no waiver of immunity**

   The trial court did not err in determining that defendant school board was entitled to sovereign immunity for all claims of $1,000,000 or less where the board, the city, and the county entered into an agreement creating a risk management division to

MULLIS v. SECHREST

[126 N.C. App. 91 (1997)]

handle liability claims against the three entities and pursuant to the agreement each entity paid funds into separate trust accounts from which claims were paid, since the risk management agreement was not a contract of insurance, and the board thus did not waive its immunity. N.C.G.S. § 115C-42.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 6, 31, 60, 79.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

**Immunity of private schools and institutions of higher learning from liability in tort. 38 ALR3d 480.**

3. **Public Officers and Employees § 68 (NCI4th); Schools § 176 (NCI4th)— negligence claim—school teacher—individual capacity—public employee—no immunity**

A high school teacher was a public employee rather than a public officer and was thus not immune from a negligence action against him in his individual capacity by a student and his father for injuries received by the student in an accident in a shop classroom.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 9, 45; States, Territories, and Dependencies §§ 105, 118.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.**

**Immunity of private schools and institutions of higher learning from liability in tort. 38 ALR3d 480.**

Judge McGEE concurring in part and dissenting in part.

Appeal by plaintiffs from order entered 9 August 1995 by Judge Loto G. Caviness in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 August 1996.

Plaintiff Blaine S. Mullis and his father, Steve Mullis, brought this action to recover damages for injuries suffered by Blaine Mullis during the fall of 1990 when he was a sixteen-year-old junior at Garinger High School in Charlotte, North Carolina. Blaine was enrolled in an

MULLIS v. SECHREST

[126 N.C. App. 91 (1997)]

industrial arts, or "shop" class, taught by defendant Harry Sechrest. On 18 October 1990, Blaine's shop class attended a student assembly. Blaine left during the assembly and returned to the locked shop classroom, where another student working in the area let him in. While using a table saw with the safety guard disengaged, a board "bucked upward." Blaine slipped, and while attempting to regain his balance, his left hand came in contact with the saw blade, severing all four fingers and the thumb. Blaine was rushed to a hospital, where a surgeon reattached Blaine's severed fingers and thumb. Doctors were able to save Blaine's fingers, but eventually had to amputate his thumb. A toe from Blaine's right foot was later removed and attached to the stump of his left thumb to serve as a substitute thumb.

Plaintiffs filed this action 18 November 1992 alleging defendant Sechrest, a teacher employed by defendant Charlotte-Mecklenburg Board of Education ("Board"), negligently failed to give adequate instructions regarding the proper use of the table saw and failed to adequately warn of the inherent dangers of its use. Plaintiffs also alleged defendants provided an unsafe saw.

Defendants filed an answer on 25 January 1993 moving to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(b)(6), denying any negligence on the part of the defendants, and asserting contributory negligence on the part of Blaine Mullis. Defendants filed a motion 29 April 1994 for leave to amend their answer to allege that both defendants were entitled to governmental immunity because the Board had not purchased a contract of insurance that covered exposures of $1,000,000 or less. Over plaintiffs' objections, the trial court allowed defendants' motion to amend on 14 July 1994.

Defendants filed a motion 18 July 1994 for judgment on the pleadings, or in the alternative, partial summary judgment. In support of the motion, defendants filed the affidavit of Daniel J. Pliszka, manager of the Division of Insurance and Risk Management of the Finance Department of the City of Charlotte ("DIRM"). In the affidavit, Pliszka stated the Board had two insurance policies covering claims in excess of $1,000,000, but that the Board had no insurance for claims of $1,000,000 or less. He stated the risk for all claims against the Board and its employees from $1 to $1,000,000 was self-retained by the Board and not shared directly or indirectly with any other entity. On 28 July 1995, plaintiffs moved to amend their complaint to allege that defendants had waived the defense of sovereign immunity by purchasing insurance, and on 4 August 1995 filed an

affidavit in opposition to defendants' motion for partial summary judgment.

After hearing, the trial court entered an order on 9 August 1995 allowing plaintiffs' motion to amend their complaint and denying defendants' motion for judgment on the pleadings. The order also granted partial summary judgment on the basis of governmental immunity for defendant Board for all claims determined to be $1,000,000 or less and granted summary judgment for defendant Sechrest on the ground that "he is a public officer immune from suit by the plaintiffs."

Plaintiffs appeal.

*James, McElroy & Diehl, P.A., by Edward T. Hinson, Jr., and John S. Arrowood, for plaintiff-appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by James G. Middlebrooks, for defendant-appellees.*

EAGLES, Judge.

Plaintiffs contend the trial court erred by: 1) allowing defendants' motion to amend their answer to assert the defense of governmental immunity; 2) determining that defendant Board was entitled to governmental immunity for all claims of $1,000,000 or less; and 3) determining that defendant Sechrest was entitled to summary judgment as a "public officer" immune from suit. We conclude that defendant Sechrest is not entitled to immunity in that he is a public employee being sued in his individual capacity, and therefore, the trial court incorrectly granted summary judgment for defendant Sechrest. We discern no other error and affirm partial summary judgment as to the Board.

We first note that because the order appealed from is not a final judgment as to all parties, it is interlocutory. Moreover, we note that the appeal here is not from the denial of a dispositive motion on the issue of governmental immunity. Nevertheless, in our discretion we elect to treat plaintiffs' appeal as a petition for a writ of certiorari under N.C.R. App. P. 21 and grant the petition.

I.

[1] Plaintiffs first argue the trial court should not have allowed defendants to amend their answer to assert the defense of sovereign immunity. Plaintiffs contend sovereign immunity is a matter of per-

sonal jurisdiction, and by failing to include this defense in their original answer or in an amended answer within 30 days of service of the original answer, defendants have waived their right to assert this defense pursuant to G.S. 1A-1, Rule 12(h)(1) (1975).

Although our Supreme Court has not ruled whether sovereign immunity involves personal or subject matter jurisdiction, *see Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982); *Colombo v. Dorrity*, 115 N.C. App. 81, 83, 443 S.E.2d 752, 754, *disc. review denied*, 337 N.C. 689, 448 S.E.2d 517 (1994), a number of decisions of this Court have held that sovereign immunity is a matter of personal jurisdiction. *See, e.g., Hawkins v. State*, 117 N.C. App. 615, 622, 453 S.E.2d 233, 237 (1995). However, the issue in those cases was whether a denial of a defendant's motion to dismiss the plaintiff's action based on sovereign immunity was immediately appealable. By holding that sovereign immunity involved personal rather than subject matter jurisdiction, this Court found the motions to dismiss to be immediately appealable. *E.g., Hawkins*, 117 N.C. App. at 622, 453 S.E.2d at 237.

Nevertheless, a number of decisions of this Court have also characterized sovereign immunity as an affirmative defense. *See, e.g., Davis v. Messer*, 119 N.C. App. 44, 58, 457 S.E.2d 902, 911, *disc. review denied*, 341 N.C. 647, 462 S.E.2d 508 (1995) ("[I]t is well established that public official immunity [a subset of sovereign immunity] is an affirmative defense."). Here, defendants amended their answer to plead sovereign immunity as a defense "pleaded in bar of any recovery by the plaintiffs," not as a challenge to the court's personal jurisdiction over the defendants. Accordingly, and because this Court has previously characterized sovereign immunity as an affirmative defense, for the purposes of this appeal we treat defendants' amended answer as raising sovereign immunity as an affirmative defense.

The trial court did not err in allowing defendants to amend their answer. "Whether a motion to amend a pleading is allowed or denied is addressed to the sound discretion of the trial court and is accorded great deference." *North River Ins. Co. v. Young*, 117 N.C. App. 663, 670, 453 S.E.2d 205, 210 (1995). This Court has also held that unpled affirmative defenses may be raised for the first time on a motion for summary judgment, even if not asserted in the answer, if both parties are aware of the defense. *Dickens v. Puryear*, 45 N.C. App. 696, 698, 263 S.E.2d 856, 857-58, *rev'd on other grounds*, 302 N.C. 437, 276

S.E.2d 325 (1981). In this case, both parties knew or should have known that an action against a governmental entity and its officers and employees raises a question of sovereign immunity. Further, the trial court also allowed plaintiffs to amend their complaint to include an allegation that defendants had waived sovereign immunity by purchasing liability insurance. Without this amendment, plaintiffs' complaint would have been subject to dismissal for failure to state a cause of action against the Board and also against Sechrest if he were determined to be a public official rather than a public employee. *E.g.*, *Fields v. Board of Education*, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960). On this record, we find no abuse of discretion and accordingly affirm the order of the trial court on this issue. This assignment of error is overruled.

## II.

**[2]** Plaintiffs also contend the trial court erred in determining the Board was entitled to sovereign immunity for all claims of $1,000,000 or less. Plaintiffs argue that by participating in a risk management agreement with the City of Charlotte and the County of Mecklenburg, the Board waived immunity under G.S. 115C-42 (1985) by purchasing liability insurance. We disagree.

Under the authority granted by G.S. 115C-42, a local board of education may waive its governmental immunity from liability by obtaining liability insurance. *Beatty v. Charlotte-Mecklenburg Bd. of Education*, 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990), *disc. review improvidently allowed*, 329 N.C. 691, 406 S.E.2d 579 (1991). However, as with all state statutes waiving sovereign immunity, we must strictly construe G.S. 115C-42. *Id.* A board of education may only incur liability under the statute if the board has "procured liability insurance pursuant to this section . . . ." G.S. 115C-42. The statute further requires that "[a]ny contract of insurance purchased pursuant to this section shall be issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State or by a qualified insurer as determined by the Department of Insurance . . . ." G.S. 115C-42.

Here, the City of Charlotte, Mecklenburg County, and the Board entered into an agreement creating the Division of Insurance and Risk Management ("DIRM") to handle liability claims against the three entities. Under the agreement, each entity pays funds into separate trust accounts and DIRM pays claims from these accounts. Each entity pays the first $500,000 of any claim against it from its own trust

account. If a claim exceeds $500,000 and the entity has insufficient funds in its trust account to pay the claim, the entity may use DIRM funds belonging to the other entities to pay the balance. However, any borrowed funds must be repaid with interest within five years. DIRM will not pay any claims in excess of $1,000,000. This risk management agreement is not a "contract of insurance . . . issued by a company or corporation duly licensed and authorized to execute insurance contracts in this State . . . ." Therefore, under a strict construction of G.S. 115C-42, the Board has not waived immunity by purchasing a contract of insurance. *See Hallman v. Charlotte-Mecklenburg Bd. of Education*, 124 N.C. App. 435, 438-39, 477 S.E.2d 179, 181 (1996). Further, we note that our Supreme Court has ruled the agreement involved in this case is not a local government risk pool and the participating governmental entities have not waived their sovereign immunity by their involvement in the agreement. *Lyles v. City of Charlotte*, 344 N.C. 676, 681, 477 S.E.2d 150, 153 (1996). Local boards of education are not eligible to participate in risk pools. *Id.* at 680, 477 S.E.2d at 153.

### III.

[3] Plaintiffs next argue the trial court erred in holding defendant Sechrest was entitled to summary judgment "because he is a public officer immune from suit by the plaintiffs." We agree:

We have long recognized that public officers and public employees are generally afforded different protections under the law when sued in their individual capacities.

A public officer is shielded from liability unless he engaged in discretionary actions which were allegedly: (1) corrupt, *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985); (2) malicious, *id.*; (3) outside of and beyond the scope of his duties, *id.*; (4) in bad faith, *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236; or (5) willful and deliberate, *Harwood v. Johnson*, 92 N.C. App. 306, 310, 374 S.E.2d 401, 404 (1988).

*Reid v. Roberts*, 112 N.C. App. 222, 224, 435 S.E.2d 116, 119, *disc. review denied*, 335 N.C. 559, 439 S.E.2d 151 (1993). A public employee, on the other hand, "is personally liable for his negligence in the performance of his duties proximately causing injury . . . ." *Givens v. Sellars*, 273 N.C. 44, 49, 159 S.E.2d 530, 534-35 (1968); *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). This is so "even though

his employer is clothed with immunity and not liable on the principle of *respondeat superior*." *Pharr v. Worley*, 125 N.C. App. 136, 138, 479 S.E.2d 32, 34 (1997).

Here, we recognize that defendant Sechrest is a public employee, not a public official. As such, he is not entitled to individual immunity because his duties at the time the alleged negligence occurred are not considered in the eyes of the law to involve the exercise of the sovereign power; instead, while we dislike the term applied, defendant's duties as a public employee are historically characterized as "ministerial." *Daniel v. City of Morganton*, 125 N.C. App. 47, 55, 479 S.E.2d 263, 268 (1997). As a public employee acting within the scope of his duties as a public school teacher, defendant Sechrest here performs the significant and important job of teaching and educating the youth of our State, but he does not usually exercise the sovereign power and so cannot be fairly characterized as a public official. Accordingly, the mere fact that the negligence here is alleged to have occurred in the course of defendant's performance of his duties as a public schoolteacher does not mitigate in favor of an official capacity claim.

Rather, allegations that a public employee acted negligently in the performance of his duties is in keeping with a traditional claim against a public employee in his individual capacity. Plaintiff's complaint here does not allege negligence relating to any official duty that defendant Sechrest might still perform on occasion despite his general role as a public employee. *Harwood v. Johnson*, 326 N.C. 231, 237, 388 S.E.2d 439, 443 (1990). Accordingly, we conclude that plaintiffs' complaint is a claim against defendant Sechrest in his individual capacity as a public employee and that sovereign immunity does not bar further prosecution of plaintiff's claim in this regard.

Finally, we note that *Taylor v. Ashburn*, 112 N.C. App. 604, 436 S.E.2d 276 (1993), *disc. review denied*, 336 N.C. 77, 445 S.E.2d 46 (1994), could be read to support a contrary result in this case. We are careful, however, not to read *Taylor* and its progeny to mean that any time a complaint alleges negligence only in the performance of a public employee's duties, the claim is only against the defendant in his official capacity. Such a reading would of course fly in the face of well-established precedent holding that a public employee "is personally liable for his negligence in the performance of his duties proximately causing injury . . . ." *Givens*, 273 N.C. at 49, 159 S.E.2d at 534-35.

MULLIS v. SECHREST

[126 N.C. App. 91 (1997)]

Effecting fundamental change in the law of North Carolina to expand or restrict the application of the doctrine of sovereign immunity is a suitable activity for the General Assembly or for a Court of last resort, but not for this Court. We are bound by prior decisions of the Supreme Court and of this Court. *E.g.*, *In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989); *Cannon v. Miller*, 313 N.C. 324, 324, 327 S.E.2d 888, 888 (1985).

We find no error in the order as to the Board and affirm the trial court's grant of partial summary judgment in favor of the Board for all claims of $1,000,000 or less. We vacate the court's grant of summary judgment for defendant Sechrest and remand for further proceedings.

Affirmed in part, vacated in part, and remanded.

Judge WALKER concurs.

Judge McGEE concurs in part and dissents in part.

Judge McGEE concurring in part and dissenting in part.

I concur with the majority that the trial court did not err in allowing defendants to amend their answer and that partial summary judgment for the Board was appropriate. However, I respectfully dissent to the portion of the majority opinion denying partial summary judgment to defendant Sechrest.

When an action is brought against individual state officers or employees in their official capacities, the action is one against the State for the purposes of applying the doctrine of sovereign immunity. *Insurance Co. v. Unemployment Compensation Com.*, 217 N.C. 495, 8 S.E. 2d 619 (1940). Therefore, if plaintiffs have sued Sechrest only in his official capacity, there can be no recovery absent a waiver of immunity "because the award would in essence be against the State . . . ." *Harwood v. Johnson*, 92 N.C. App. 306, 309, 374 S.E. 2d 401, 404 (1988), *aff'd in part, rev'd in part on other grounds*, 326 N.C. 231, 388 S.E.2d 439 (1990). Under the authority of prior decisions, plaintiffs have stated a claim only in Sechrest's official capacity.

The caption of the complaint in this action does not designate whether Sechrest is being sued in his official capacity as a teacher and employee of the Board or whether he is being sued in his individual capacity. Also, the complaint never uses the words "individual" or "individual capacity." When a complaint's allegations relate only to

a defendant's official governmental duties, the action will be treated as a claim against a defendant only in the defendant's official capacity, and not as a claim against a defendant individually. *Taylor v. Ashburn*, 112 N.C. App. 604, 607-08, 436 S.E.2d 276, 279 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). Here, the allegations center solely on Sechrest's official duties and responsibilities as a teacher. Plaintiffs failed to advance any allegations against Sechrest other than those relating to his official duties as an industrial arts teacher. "Absent any allegations in the complaint separate and apart from official duties which would hold a nonofficial liable for negligence, the complaint cannot be found to sufficiently state a claim against [a defendant employee] individually." *Whitaker v. Clark*, 109 N.C. App. 379, 383-84, 427 S.E.2d 142, 145, *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993).

> In determining whether an action is a suit against the state, despite the fact that the . . . defendant is a state officer or employee joined in his individual capacity, the result is dependent on an analysis of the two key factors, namely, the issues involved and the relief sought, rather than on the mere formal identification of the parties. A claim involves activities which may be attributed to the state, and thus renders the action one subject to limitations on actions against the state, where: (1) there are no allegations that the state agent or employee acted beyond the scope of his authority through wrongful acts; (2) the authority alleged to have been breached was not owed to the public generally independent of the fact of state employment; and (3) the activities giving rise to the plaintiff's complaint involved matters ordinarily within the employee's normal and official functions for the state.

57 Am. Jur. 2d *Municipal, County, School, and State Tort Liability* § 70 (1988); *see also Electric Co. v. Turner*, 275 N.C. 493, 498, 168 S.E.2d 385, 388-89 (1969) ("The record discloses that every act charged against any defendant was performed in his capacity as representative of the State . . . . The facts and issues involved, and the relief demanded, permit only one conclusion: This is an action against the State of North Carolina."). Therefore, plaintiffs have asserted a negligence claim against Sechrest only in his official capacity, which is in essence a claim against the State.

I do not agree that this position "fl[ies] in the face of well-established precedent." As pointed out in *Jones v. Kearns*, 120 N.C. App. 301, 462 S.E.2d 245, (1995), *disc. review denied*, 342 N.C. 414, 465

S.E.2d 541 (1995), recent decisions cast doubt on the continued vitality of those cases holding officers and employees liable, absent statutory authority, in their individual capacities when they negligently, but in good faith, perform official duties. *See, e.g., Taylor, supra; Whitaker, supra* (claims against DSS employees for negligent performance of official duties asserted claims in official capacity only and did not sufficiently state a claim against defendants individually); *Aune v. University of North Carolina,* 120 N.C. App. 430, 437, 462 S.E.2d 678, 683 (1995) (although the caption stated individual defendants were sued in their individual capacity, "allegations in the complaint . . . involve acts of the defendants performed within the bounds of their official duties . . . . Therefore, the individual defendants can only be sued in their official capacity."), *disc. review denied,* 342 N.C. 893, 467 S.E.2d 901 (1996); *Stancill v. City of Washington,* 29 N.C. App. 707, 710, 225 S.E.2d 834, 836 (1976) (although "the caption of the case indicates that he has been sued individually and not in his official capacity . . . we can find no allegation of any negligence on the part of [defendant] other than allegations of negligence with respect to him while serving in his official capacity"); *see also, Coleman v. Cooper,* 102 N.C. App. 650, 658-59, 403 S.E.2d 577, 582 (Arnold, J., concurring) ("[W]hile I agree that we are bound by the result of the Court's prior panel on the question of this defendant's liability, I strongly question the reasoning of that prior decision. Its anomalous rationale appears to allow a claim against an employee in an individual capacity while conferring immunity from liability in a governmental capacity."), *disc. review denied,* 329 N.C. 786, 408 S.E.2d 517 (1991).

Nonetheless, I am mindful of the cases such as *Givens v. Sellers,* 273 N.C. 44, 159 S.E.2d 530 (1968), cited by the majority. However, *Givens* cites both *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814 (1937) and *Miller v. Jones,* 224 N.C. 783, 32 S.E.2d 594 (1945) for the proposition that an employee is personally liable for negligence in the performance of his or her duties even though the employer is immune from suit. The *Miller* case is the first to use this language and cites *Lewis* in support of that statement.

In *Lewis,* the defendant city paid individual defendant Spear by the hour to repair radios in the city's police cars. While returning a police car to the city's garage after repairing the radio at his shop, Spear ran over the plaintiff's decedent. *Lewis,* 212 N.C. at 506, 193 S.E. at 815. The Court did not address the question of any immunity of Spear by or through the nature of his temporary employment, and

judgment against Spear was allowed to stand. *Id.* at 508, 193 S.E. at 816. Although *Miller* held that the defendant employees could be individually liable for negligently cleaning a roadway, Justice Schenck, the author of the *Lewis* opinion, dissented from the majority opinion in that case. In his dissent, after noting the defendants were employees of the highway commission and any liability arose out of their public employment, Justice Schenck stated:

> If the plaintiff seeks to hold the defendants liable upon the theory that the defendants' duties . . . were ministerial in character, it appears that such duties were of a public nature and were imposed for public benefit and no provision is made in the statute creating such duties imposing individual liability upon the part of the person upon whom such duties are cast, and the absence of such provision is fatal to the plaintiff's case.

> Since the defendants were public employees, I think it is immaterial whether they were engaged in the performance of official and governmental duties requiring the exercise of judgment and discretion, or were engaged in the performance of duties purely ministerial in character of a public nature and imposed entirely for public benefit, with no provision for personal liability made in the statute creating such duties. In either case, I think the plaintiff should fail in his action.

*Miller*, 224 N.C. at 789-90, 32 S.E.2d at 598-99 (Schenck, J., dissenting).

At best, the case law in this area is confusing, and at worst, it is at odds. *Taylor* and *Whitaker* take the better approach. Under this view, while an employee may be liable for negligent acts committed within the scope and in the course of his public employment, *see Lewis*, *supra*, allegations of negligent performance of governmental duties actually present a claim against the State. Such an interpretation avoids the "anomalous rationale" of those cases elevating form over substance by allowing or prohibiting an action to proceed against an employee depending on whether the action is captioned as a proceeding against the employee in the employee's official or individual capacity—despite the fact the action remains based upon exactly the same facts regardless of the capacity in which the employee is being sued.

Recent decisions of this Court have stated the position of teacher does not precisely fit within the criteria for public officer as determined by case law. However, I do not agree with the notion that a

teacher's official duties involve no exercise of the sovereign power and that a teacher's education of our children is purely "ministerial." Further, the education of students is the duty of the State, and I believe the State in this case is the real party in interest in an action involving a claim for negligent instruction. Therefore, I would hold that plaintiffs have sued Sechrest only in his official capacity and he is entitled to immunity to the same extent as the Board.