SEAN FARRELL, MINOR BY AND THROUGH HIS PARENTS AND LEGAL GUARDIANS, WILLIAM FARRELL AND SUZANNE FARRELL; WILLIAM FARRELL, INDIVIDUALLY; AND SUZANNE FARRELL, INDIVIDUALLY, PLAINTIFFS v. TRANSYLVANIA COUNTY BOARD OF EDUCATION; TERRY HOLLIDAY, FORMER SUPERINTENDENT OF TRANSYLVANIA COUNTY SCHOOLS IN HIS OFFICIAL CAPACITY; PATRICIA MORGAN, FORMER PRINCIPAL OF BREVARD ELEMENTARY SCHOOL, IN HER OFFICIAL CAPACITY; RON KIVINIEMI, FORMER ASSISTANT PRINCIPAL OF BREVARD ELEMENTARY SCHOOL AND PRINCIPAL OF PISGAH FOREST ELEMENTARY SCHOOL IN HIS OFFICIAL CAPACITY; KATHY HAEHNEL, DIRECTOR OF FEDERAL PROGRAMS AT TRANSYLVANIA COUNTY SCHOOLS IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; DONNA GARVIN, FORMER SPECIAL EDUCATION TEACHER AT BREVARD ELEMENTARY SCHOOL IN HER INDIVIDUAL AND OFFICIAL CAPACITIES; AND JANE WOHLERS, FORMER TEACHER'S AIDE AT BREVARD ELEMENTARY SCHOOL IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, DEFENDANTS

No. COA08-310

(Filed 2 December 2008)

**1. Appeal and Error— appealability—interlocutory order— substantial right—immunity**

Although defendant public school teacher's appeal from the denial of her motion for summary judgment in an action brought by plaintiffs related to the physical and emotional abuse of their son in defendant's special needs classroom was an appeal from an interlocutory order, defendant was entitled to an immediate appeal because claims of public official and qualified immunity affect a substantial right.

**2. Immunity— public official—inapplicable for public school teacher**

Defendant public school teacher was not entitled to public official immunity with respect to State tort claims in an action brought by plaintiffs related to the physical and emotional abuse

of their son in defendant's special needs classroom because: (1) contrary to defendant's assertion, a teacher's position was not created by statute under either N.C.G.S. §§ 115C-307 or 115C-325; and (2) teachers do not meet the test for public official immunity when their duties are not considered in the eyes of the law to involve the exercise of the sovereign power, but instead are historically characterized as ministerial.

**3. Immunity— qualified—inapplicable for public school teacher—individual capacity**

Defendant public school teacher was not entitled to qualified immunity with respect to federal claims against her in her individual capacity relating to the physical and emotional abuse of plaintiffs' son in defendant's classroom.

Appeal by Defendant Donna Garvin from an order entered 30 October 2007 by Judge Mark E. Powell in Transylvania County Superior Court. Heard in the Court of Appeals 10 September 2008.

*The Law Office of Stacey B. Bawtinhimer by Stacey B. Bawtinhimer; and The Foster Law Firm by Jeffery B. Foster, for plaintiffs-appellees.*

*Roberts & Stevens, P.A. by Christopher Z. Campbell and K. Dean Shatley, II, for Donna Garvin, defendant-appellant.*

JACKSON, Judge.

Donna Garvin ("defendant") appeals the trial court's denial of her motion for summary judgment in an action brought against her and other defendants by William and Suzanne Farrell ("plaintiffs") related to the physical and emotional abuse of their son, Sean Farrell ("Sean") in defendant's special needs classroom. For the reasons stated below, we affirm.

This case previously has been appealed to this Court. In our 7 February 2006 opinion, we dismissed as interlocutory defendant's appeal of the denial of her motion to dismiss. *See Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 690, 625 S.E.2d 128, 130 (2006) (*Farrell I*).

During the 2001 school year, Sean was a student with severe disabilities in defendant's self-contained, special needs classroom. Sean became the victim of physical and emotional abuse at the hands of one of defendant's teacher's aides, Jane Wohlers ("Wohlers").

According to the complaint, Wohlers (1) force fed Sean on a regular basis, at times to the point of choking; (2) yelled at him and used abusive language; (3) violently jerked back his head and pulled his hair while washing his face; and (4) used a stuffed animal she knew that Sean was terrified of to intimidate him to stay on his mat for naptime.

Defendant received other complaints about Wohlers' abusive behavior towards the students in her classroom. One aide witnessed Wohlers (1) yell at the children; (2) pinch them behind their ears and squeeze them under the arms causing bruises; (3) stuff food into students' mouths, hold their heads in a headlock and continue to stuff food into students' mouths until they gagged during which time one student projectile vomited; (4) verbally intimidate the children by yelling at them until they broke down crying; (5) hold their foreheads roughly and yank their heads back in order to wash their faces in the bathroom; and (6) make inappropriate sexual and lewd comments in front of the children. Another aide reported that Wohlers stated, "I can say whatever I want because these kids can't talk so they can't tell their parents" and that she could "do whatever she wanted to one of the black children in the room because his bruises wouldn't show."

As a result of the alleged abuse, Sean stopped eating. His condition became so severe that he was admitted to Mission Hospital from 16 January through 24 January 2002 for intravenous therapy and a thorough medical work-up to find a cause for his severe anxiety associated with food. The tests indicated that there was no physical reason for Sean's failure to eat and drink. The attending pediatric physician and residents from Mission Hospital, including the gastrointestinal doctor and occupational therapists all agreed that his eating problems were consistent with severe anxiety and depression due to suspected child abuse in the classroom. Ultimately, a feeding tube was inserted for a period of approximately six months.

Plaintiffs brought suit against defendant, Wohlers, several school administrators, and the county school board. The instant appeal involves only defendant Donna Garvin, the classroom teacher.

Among other claims, plaintiffs sued defendant in her individual capacity for negligent infliction of emotional distress on Sean and themselves pursuant to the State Tort Claims Act, and for federal civil rights violations pursuant to section 1983 of Title 42 of the United States Code.

On 8 March 2007, defendant filed a joint motion for summary judgment with other of the defendants seeking, *inter alia*, to have the court dismiss the claims against her in her individual capacity. Defendant alleged she was entitled to public official immunity on the State claims and qualified immunity on the federal claim. By order filed 30 October 2007, defendant's motion was denied as "issues of material fact remain[ed]" as to the claims against her in her individual capacity, although it was granted with respect to the section 1983 claims against all defendants in their official capacities.

[1] The order in this case did not dispose of the entire case; therefore, it is interlocutory. *See Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005) (per curiam) (order granting partial summary judgment is interlocutory). However, an interlocutory order may be appealed immediately if it affects a substantial right of the parties. N.C. Gen. Stat. § 1-277 (2007). This Court has held that claims of immunity affect a substantial right entitled to immediate appeal. *See e.g., Summey v. Barker*, 142 N.C. App. 688, 689, 544 S.E.2d 262, 264 (2001) (citations omitted) (holding public official immunity affects a substantial right and is immediately appealable).

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The moving party bears the burden of showing that no triable issue of fact exists. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). One means of doing so is to show that the non-moving party cannot surmount an affirmative defense which would bar the claim. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted).

A trial court's rulings on summary judgment motions are reviewed by this Court *de novo. Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citing *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006)). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004).

[2] We first discuss defendant's second argument, in which she contends that the trial court erred in denying her summary judgment with respect to the State tort claims against her. She argues she is entitled to public official immunity to shield her from suit. We disagree.

"It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner*, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1952) (citations omitted). "Our courts have recognized several basic distinctions between a public official and a public employee, including: (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties." *Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999) (citations omitted).

Defendant contends that a teacher's position is created by statute, satisfying the first prong of the public official test. She cites North Carolina General Statutes, sections 115C-307 and 115C-325 for support. However, section 115C-307 does not create the position of teacher; it defines the duties of teachers, student teachers, substitute teachers, and teacher assistants. In contrast, as this Court explained in *Farrell I*, section 115C-287.1(a)(3) creates the position of "school administrator" which includes principals, assistant principals, supervisors, and directors. *See Farrell I*, 175 N.C. App. at 696, 625 S.E.2d at 133-34 (holding that Haehnel, as the director of federal programs for the county school system, was a public official who qualifies for public official immunity as a "school administrator" pursuant to section 115C-287.1(a)(3)). Further, subsection 115C-325(a) merely sets forth the definitions used in section 115C-325 which governs the "system of employment for public school teachers." Subsection (a)(6) defines a "teacher" as used in that section, as opposed to a "career employee," "case manager," or "school administrator;" it does not create the position of public school teacher.

In *Mullis v. Sechrest*, 126 N.C. App. 91, 484 S.E.2d 423 (1997), *rev'd on other grounds*, 347 N.C. 548, 495 S.E.2d 721 (1998), this Court declined to grant a teacher public official status, stating that he was not entitled to public official immunity "because his duties at the time the alleged negligence occurred are not considered in the eyes of the law to involve the exercise of the sovereign power; instead, while we dislike the term applied, defendant's duties as a public

employee are historically characterized as 'ministerial.' " *Id.* at 98, 484 S.E.2d at 427 (citing *Daniel v. City of Morganton,* 125 N.C. App. 47, 55, 479 S.E.2d 263, 268 (1997)).

Defendant contends that if animal control officers, prison guards, and social workers are public officials, surely teachers are as well. We disagree because there is a clear statutory basis for the grant of public official immunity in two of the three cases.

In *Kitchin v. Halifax Cty.,* 192 N.C. App. 559, 665 S.E.2d 760 (2008), this Court concluded that an animal control officer was a public official because

> [t]he position of animal control officer is created by statute, N.C. Gen. Stat. § 67-30, and is given authority to, *inter alia,* impound and euthanize dogs or cats, N.C. Gen. Stat. § 130A-192 and destroy stray dogs or cats in quarantine districts, N.C. Gen. Stat. § 130A-195. An animal control officer is a position created by statute, exercises a portion of sovereign power, and exercises discretion.

*Id.* at 568, 665 S.E.2d at 766.

In *Hobbs v. N.C. Dep't of Hum. Res.,* 135 N.C. App. 412, 520 S.E.2d 595 (1999), this Court recognized that statutory language "creates a structure under which department of social services staff members *may* function as public officers." *Id.* at 421, 520 S.E.2d at 602 (emphasis added). It did not hold that *all* social workers were public officials. There, a director of social services, a public official, had statutory authority to " 'delegate to one or more members of his staff the authority to act as his representative.' " *Id.* (quoting N.C. Gen. Stat. § 108A-14(b)). The issue before the Court was whether his staff members also were entitled to public official immunity. The Court held that the staff members were acting as public officials because they were acting for and representing the director of social services. *Id.* at 422, 510 S.E.2d at 602.

In the third case, *Price v. Davis,* 132 N.C. App. 556, 512 S.E.2d 783 (1999), this Court held that a correctional sergeant and an assistant superintendent at a correctional facility were "protected by public official immunity from individual liability for alleged violations of State statutes and prison regulations." *Id.* at 562, 512 S.E.2d at 787. This case did not discuss the *Isenhour* criteria. However, we note that North Carolina General Statutes, section 143B-260 creates the Department of Correction and section 143B-261 governs its duties,

among them the duty to provide supervision of criminal offenders. This duty is delegated to prison guards, who exercise discretion in carrying it out.

Further, the Supreme Court of the United States has recognized that "the exercise of police authority calls for a very high degree of judgment and discretion[.]" *Foley v. Connelie*, 435 U.S. 291, 298, 55 L. Ed. 2d 287, 294 (1978). "The Supreme Court clearly and emphatically said that police 'are clothed with authority to exercise an almost infinite variety of discretionary powers' and are vested with 'plenary discretionary powers.'" *State v. Pendleton*, 339 N.C. 379, 386, 451 S.E.2d 274, 278-79 (1994), *cert. denied*, 515 U.S. 1121, 132 L. Ed. 2d 280 (1995) (quoting *Foley*, 435 U.S. at 297-98, 55 L. Ed. 2d at 293-94).

In *Kitchin, Hobbs,* and *Price*, the party being sued was either employed in a position created by statute, or delegated a statutory duty by a person or organization created by statute. Each defendant exercised discretion in carrying out the sovereign's power. Although teachers serve a vital role in the public education of the children of this state, they do not meet the test for public official immunity. *See Mullis*, 126 N.C. App. at 98, 484 S.E.2d at 427. Therefore, defendant is not entitled to such protection and her argument is without merit.

[3] Defendant also argues that the trial court erred in denying her summary judgment with respect to the federal claim against her. Defendant contends that as to the federal claim, she is entitled to qualified immunity to shield her from suit. We disagree.

In *Farrell I*, Kathy Haehnel, the director of federal programs for the school board, successfully argued that she was entitled to qualified immunity in her individual capacity. *Farrell I*, 175 N.C. App. at 696, 625 S.E.2d at 133-34. As this Court stated, " '[q]ualified immunity protects *public officials* from personal liability for performing official, discretionary functions if the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 697, 625 S.E.2d at 134 (emphasis added) (quoting *Vest v. Easley*, 145 N.C. App. 70, 75, 549 S.E.2d 568, 573 (2001)).

Just as defendant is not a public official entitled to the protections of public official immunity, she also is not entitled to the protections of qualified immunity for claims against her in her individual capacity. Therefore, this argument is without merit.

**IN RE DRH**

[194 N.C. App. 166 (2008)]

Affirmed.

Judge BRYANT concurs.

Judge·ARROWOOD concurs in the result only.